BENJAMIN AYMAR SANDS and HERMAN LEROY EDGAR,
Individually and as Executors of the Last Will and
Testament of CHARLES E. RHINELANDER, Deceased,
Plaintiffs, *v.* RHINELANDER WALDO, EGBURT E. WOOD-
BURY, as Attorney-General of the State of New
York, THE DOMESTIC AND FOREIGN MISSIONARY
SOCIETY OF THE PROTESTANT EPISCOPAL CHURCH IN
THE UNITED STATES, THE RECTOR, CHURCHWARDENS
AND VESTRYMEN OF ST. JAMES' CHURCH IN THE CITY
OF NEW YORK, THE CHURCH PENSION FUND, THE
CATHEDRAL CHURCH OF ST. JOHN THE DIVINE, THE
SOCIETY OF THE NEW YORK HOSPITAL, NEW YORK SKIN
AND CANCER HOSPITAL, HOPE FARM, THE SHELTERING
ARMS, WAYSIDE DAY NURSERY, THE NEW YORK DIS-
PENSARY, THE SOCIETY FOR THE RELIEF OF THE DESTI-
TUTE BLIND OF THE CITY OF NEW YORK AND ITS
VICINITY, THE CHILDREN'S AID SOCIETY, ST. JOHN'S
GUILD, NEW YORK MAGDALEN HOME, YOUNG WOMEN'S
CHRISTIAN ASSOCIATION OF THE CITY OF NEW YORK,
YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE CITY OF
NEW YORK, THE NEW YORK ASSOCIATION FOR IMPROV-
ING THE CONDITION OF THE POOR, NEW YORK ZOOLOGI-
CAL SOCIETY, THE AMERICAN MUSEUM OF NATURAL
HISTORY, THE METROPOLITAN MUSEUM OF ART, MID-
NIGHT MISSION, THE NEW YORK INSTITUE FOR THE
EDUCATION OF THE BLIND, NEW YORK NURSERY AND
CHILD'S HOSPITAL, ADIRONDACK COTTAGE SANITARIUM
OF ESSEX COUNTY, STATE OF NEW YORK, THE NEW
YORK PROTESTANT EPISCOPAL CITY MISSION SOCIETY,
NEW YORK EYE AND EAR INFIRMARY, NEW YORK
BIBLE SOCIETY, SOCIETY OF THE LYING-IN HOSPITAL OF
THE CITY OF NEW YORK, THE SUSAN FENIMORE
COOPER FOUNDATION, Defendants.

(Supreme Court, New York Special Term, June, 1917.)

Wills — construction    of — actions — parties — pleading — corporations
— title — gifts — vesting.

An estate given in one part of a will in clear and decisive
terms cannot be taken away or cut down by raising a doubt
upon the extent or meaning or application of a subsequent
clause, nor by inference therefrom, nor by any subsequent
words that are not as clear and decisive as the words giving
that estate.

Testator, in the clause of his will by which he devised and
bequeathed to two individuals and to their survivor all the rest,
residue and remainder of his estate, both real and personal,
including lapsed and void legacies and all of his estate the
disposition of which for any reason might fail, expressed a
desire that they distribute said residuary estate among such
religious, charitable and educational corporations as they might
designate. After said individuals had commenced an action
for the construction of the will, they executed and delivered to
various corporations deeds of gift disposing in fractional parts
of the entire residuary estate and by an order duly made said
corporations were brought in as parties defendant to the action.
The sole heir-at-law and next of kin of testator by his answer
put in issue the effect and construction of the residuary clause
claiming that the same was void for indefiniteness and that he
was entitled thereto. *Held*, that said residuary clause operated
to vest in plaintiffs individually complete title to testator's
residuary estate free and clear of any trust or use whatsoever.

ACTION for the construction of a will.

John M. Bowers, for plaintiffs.

Cadwalader, Wickersham & Taft (George W. Wick-
ersham and Thomas B. Gilchrist, of counsel), for
defendant Rhinelander Waldo.

Evarts, Choate & Sherman (Joseph H. Choate, Jr.,
of counsel), for defendant American Museum of Nat-
ural History.

Davies, Auerbach & Cornell (Charles E. Hotchkiss
and Sydney G. C. Soons, of counsel), for defendant

19

Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America, and defendant Susan Fenimore Cooper Foundation.

Crocker & Wickes (Philip Donlin, of counsel), for defendant Hope Farm.

Masten & Nichols (S. Hamilton, of counsel), for the Association for Improving the Condition of the Poor.

Emmet & Parish, for defendant Midnight Mission.

Stanley W. Dexter (George N. Whittlesey, of counsel), for defendant the Children's Aid Society.

DeForest Brothers (Martin Taylor, of counsel), for defendant Metropolitan Museum of Art.

Root, Clark, Buckner & Howland (Alfred C. Intemann, of counsel), for defendant Wayside Day Nursery.

Stetson, Jennings & Russell (Allen Wardell, of counsel), for following defendants: The Society for the Lying-in Hospital of the City of New York, The Church Pension Fund, Young Men's Christian Association, Young Women's Christian Association of the City of New York, Cathedral Church of St. John the Divine, St. John's Guild, New York Zoological Society, New York Nursery and Child's Hospital, The Rector, Churchwardens and Vestrymen of St. James' Church in the City of New York, The Society of the New York Hospital, New York Skin and Cancer Hospital.

John C. West, for defendant New York Bible Society.

Robert D. Eggleston, for defendant New York Magdalen Home.

Merton E. Lewis, Attorney-General, by Charles J. Masone, Deputy Attorney-General.

Samuel Riker, Jr., for defendant New York Eye and Ear Infirmary.

Charles A. Clark, for defendant The New York Protestant Episcopal City Mission Society.

Sheffield & Betts, for defendant Adirondack Cottage Sanitarium of Essex County, State of New York.

Thomas H. Baskerville, for defendant The New York Institute for the Education of the Blind.

Frederic de P. Foster, for defendant Society for the Relief of the Destitute Blind of the City of New York and Vicinity, and The New York Dispensary.

Roosevelt & Kobbe, for defendant The Sheltering Arms.

NEWBURGER, J. This is an action to construe the seventh clause of the will of Charles E. Rhinelander, deceased, which reads as follows: "*Seventh.* All the rest, residue and remainder of my estate, both real, personal and mixed, and wheresoever the same may be situated, including lapsed and void legacies and all my estate, the disposition of which may for any reason fail, I give, devise and bequeath to Benjamin Aymar Sands and Herman Le Roy Edgar and to their survivor. I desire them to distribute my said residuary estate among such religious, charitable and educational cor-

porations as they may designate." Rhinelander Waldo
and the attorney-general of the state of New York were
made defendants in the action. Subsequently Sands
and Edgar, the plaintiffs, executed and delivered to
the various corporations now named in the title of this
action deeds of gift disposing in various fractions of
the entire residuary estate of the testator, and by an
order duly made these corporations were brought in as
parties defendant and have appeared and answered.
The defendant Waldo by his answer put in issue the
construction and effect of the seventh clause of the
testator's will heretofore referrred to. Mr. Sands,
one of the plaintiffs, having died before the trial, the
Lincoln Trust Company, named in the will, was duly
appointed executor by the surrogate of New York
county, and it authorized plaintiff's attorney to appear
and consented to be bound by the proceedings herein.
The testator died on the 7th day of December, 1915,
aged eighty-four years. He had never been engaged
in business, and lived upon the income derived from
his property, which was largely real estate which he
had inherited. He had married, but his wife died some
five years prior to his death. At the time of making
the will referred to in the complaint, May 25, 1915, he
was a widower, and his nearest relative was the defend-
ant Waldo. The will provided: *First,* the appoint-
ment of Sands and Edgar, executors and trustees, and
for the substitution of the Lincoln Trust Company in
case either ceases to be an executor or trustee, and giv-
ing the trust company all the powers given those
originally named. Sands and Edgar are given each
$20,000 in lieu of commissions as executors. *Second,*
provides for the payment of debts. *Third,* gives and
bequeaths to Sands and Edgar $30,000 and various
articles of personal property to be distributed by the
executors in accordance with what they believe to be

his wishes. *Fourth,* he authorizes his executors to maintain his residence for one year after his death. *Fifth,* he gives $600,000 to his said trustees in trust for the benefit of the defendant Rhinelander Waldo for life and to his descendants thereafter. If, however, he should die without descendants, said principal is to be divided among and to such religious, charitable and educational corporations as the said Sands and Edgar by a deed or an instrument in the nature thereof shall designate and appoint. *Sixth,* legacies of $25,000 each are given to the New York Society for the Relief of the Ruptured, etc., and the Seaman's Church in memory of testator's wife. The next clause disposes of the residuary estate already referred to. The clauses following are directions to the executors as to the handling of the estate. The defendant Waldo claims that the seventh clause attempts to create a trust of the residuary estate, which is void for indefiniteness, and that as sole heir at law and next of kin of the testator he is entitled to the entire residuary estate. The rule appears to be well settled that where one estate is given in one part of an instrument in clear and decisive terms such estate cannot be taken away or cut down by raising a doubt upon the extent or meaning or application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that estate. *Thornhill* v. *Hall,* 2 Cl. & Fin. 22; *Roseboom* v. *Roseboom,* 81 N. Y. 359. In *Foose* v. *Whitmore,* 82 N. Y. 405, the decedent left a will as follows: " I * * * give and bequeath all my property, real and personal, to my beloved wife, Mary, only requesting her, at the close of her life, to make such disposition of the same among my children and grandchildren, as shall seem to her good." It was held that the gift to the wife was

absolute; that the concluding words being merely words of suggestion and not of discretion or command did not create a trust. See *Clarke* v. *Leupp,* 88 N. Y. 228; *Lawrence* v. *Cooke,* 104 id. 632; *Matter of Gardner,* 140 id. 122; *Matter of Keleman,* 126 id. 73; Jarman Wills, 388; *Post* v. *Moore,* 181 N. Y. 15; *Matter of Murray,* 124 App. Div. 548; *Matter of Steiner,* 134 id. 162; *Clay* v. *Wood,* 153 N. Y. 134; *Matter of Atkins,* 76 Misc. Rep. 389. In *Post* v. *Moore,* 181 N. Y. 15, the testator devised and bequeathed all his property to his wife and heirs and assigns absolutely, and appointed her sole executrix to control and administer the estate, and a separate clause of the will stated that: '' It is my wish and desire that my said wife shall pay the sum of three hundred dollars a year to my sister-in-law.'' It was held that such clause conveys nothing to her, but is the expression of a wish only on the part of the testator and does not create a trust, and Mr. Justice O'Brien, in the opinion of the court, referring to *Collister* v. *Fassitt,* 163 N. Y. 281, cited on the brief of the defendant Waldo says: '' In that case the effect of a similar provision in a will was the subject of discussion and the decision was reached by a majority of the court, which, at first view, would seem to be favorable to the plaintiff's contention. It will be observed that the case of *Collister* v. *Fassitt* was decided by the same court that decided the case at bar. In the former case the judgment was unanimously in favor of the plaintiff, while in the present case it is unanimous in favor of the defendant, or, in other words, the two decisions are directly in opposition to each other. Therefore, it must be that there is some sound distinction between the two cases, and that distinction was pointed out by the learned judge at Special Term, who decided the case at bar. He said that in the *Collister* case there was no direct bequest in the corresponding

provision of the will to the testator's wife of all of the estate. He was perfectly correct in the statement that the will in question gave, devised and bequeathed all the testator's property, both real and personal, to his wife, the defendant, to have and to hold the same to her and her heirs and assigns absolutely and forever with the wish and desire that this wife should pay the sum of three hundred dollars a year to the plaintiff, and he held that the gift was not qualified by the provision in reference to the plaintiff, and that no trust or power in trust in favor of the plaintiff was created by the will, and he cited in support of this view the following cases: *Foose* v. *Whitmore,* 82 N. Y. 405; *Clarke* v. *Leupp,* 88 id. 228; *Lawrence* v. *Cooke,* 104 id. 632; *Matter of Gardner,* 140 id. 122; *Clay* v. *Wood,* 153 id. 134, and *Banzer* v. *Banzer,* 156 id. 429. On the authority of these cases the demurrer to the complaint has been sustained by the courts below. I think the decision was right and in accordance with settled principles of law. This case differs from *Collister* v. *Fassitt* not only in the particulars mentioned by the learned judge at Special Term but also in other respects. In the case referred to much stress was laid upon the fact that the provision in favor of the plaintiff, who prosecuted that action, appeared first in the will, but aside from that I think it is manifest from the language of the prevailing opinion that the case turned very largely upon facts and circumstances which appeared in the record *dehors* the will itself. In that case all the facts and circumstances were shown, and it seems that the court came to the conclusion that it was the intention of the testator to create a trust. At all events it was so held. It will be seen that the cases cited by the learned court below at Special Term were cited in this court and fully discussed in the case of *Collister* v. *Fassitt.* While I felt very clear that that

case should have been decided the other way, I think it should be followed so far as it is supported by principle and authority. My own views were fully expressed in the minority opinion in that case, and I think they are applicable to and control the case at bar. This case, it must be remembered, arises upon a demurrer to the complaint, which rests upon the ground that no cause of action is stated. The question is, therefore, free from the extraneous facts which seemed to have had some influence in the decision of *Collister* v. *Fassitt,* since such facts were fully stated and discussed in the opinion. I can add nothing to the discussion of the question that is to be found in that case, except to call attention to the principles that control such questions as found in the elementary books on wills.'' And after quoting from Redfield on Wills and Jarman on Wills, he adds: '' In the case at bar there was an absolute gift by the testator of all his property to the defendant, his wife. He gave nothing to the plaintiff. He expressed a wish that his wife should pay to her three hundred dollars a year, but this was the expression of a wish only on the part of the testator and the whole matter rested in the discretion of the wife, who took the whole property absolutely, and who was appointed executrix to control and administer the estate.'' In *Rothschild* v. *Schiff,* 188 N. Y. 327, cited by defendant Waldo, the question determined by the court was as to the power of the trustees to act before the death of the life tenant, and held that the trustees took as remaindermen subject to the life estate, and the power to execute the trust during the lifetime of the life tenant must be determined by the united judgment of the trustees. In *Forster* v. *Winfield,* 142 N. Y. 327, also cited by the defendant Waldo, it was held that the parties did not take as individuals, but in their representative capacity. In *Phillips* v.

*Phillips,* 112 N. Y. 197, also cited, the testator after a gift of all his property to his wife provided: " If she find it always convenient  *  *  *  to give to my brother  *  *  *  during his life the interest on $10,000." It was admitted that the wife's financial condition was such that she could have made payments. Judge Finch, at page 205, said: " The primary question in every case is the intention of the testator, and whether in the use of precatory words he meant merely to advise or influence the discretion of the devisee, or himself to control or direct the disposition intended. In such a case we must look at the whole will, so far as it bears upon the inquiry, and the use of the words 'I wish' or 'I desire' is by no means conclusive. They serve to raise the question, but not necessarily to decide it. We are convinced that in the present case the testator meant to charge upon the gift to the wife the annuities to his sister and brother, provided, only, that their payment should not occasion her inconvenience." I am therefore of the opinion that the seventh clause of the will of Charles E. Rhinelander operated to vest in the plaintiffs individually complete title to the testator's residuary estate free and clear of any trust or use whatsoever.

Judgment accordingly.