FLORENCE MARGARET SCHICK and Others, Appellants, *v.* CYRUS H. WOLF and Another, Respondents.

Fourth Department, January 9, 1924.

Ejectment — father of one of defendants made agreement to grant or devise premises to him — agreement did not contain provision for delivery of possession — father devised property to plaintiffs but executors had power of sale if necessary — plaintiffs were in possession — defendants broke into house and took possession — title was in plaintiffs under will subject to contract or to be divested on sale by executors — complaint should not have been dismissed at close of plaintiffs' case — plaintiffs could maintain action under Civil Practice Act, § 990 — if defendants had entered peaceably equitable title might have protected them.

In an action of ejectment the complaint should not have been dismissed at the close of plaintiffs' case, since it appears that while the father of one of the defendants made an agreement to grant or devise the property in question to said defendant, there was no provision for delivery of possession in the agreement; that thereafter the father died and by his will he devised the property in question to the plaintiffs but gave the executors a power to sell the real estate if necessary to carry out the terms of the will; that the plaintiffs, together with their parents, occupied the adjoining premises, which were connected with the premises in question, prior to the testator's death, and took care of the premises for the testator, and after his death they continued to care for the house until the defendants, during the absence of the plaintiffs, broke into the house, moved out the furniture belonging to the plaintiffs' mother and took possession of the house excluding the plaintiffs therefrom.

The plaintiffs did not eject the defendants forcibly nor were they required to make such an attempt in order to maintain their rights.

Under the evidence, the plaintiffs were in possession of the property at the time the defendants took possession, the title to the property was in them by virtue of the will subject to be divested by the exercise of the power of sale in the will and subject to the contract made by the testator to convey or devise the property to one of the defendants, and the defendants did not have any title to the property nor any right to immediate possession, and their acts in obtaining possession constituted forcible entry and detainer, and, therefore, the plaintiffs were entitled to maintain an action in ejectment and for damages under section 990 of the Civil Practice Act.

*It seems,* that if the defendants had entered peaceably under the contract the equitable title might have protected them if established by sufficient proof of its validity, but possession of real estate gained by force or fraud against the will and consent of the owner, without color of lawful authority, is not a defense to an action of ejectment brought by such owner.

APPEAL by the plaintiffs, Florence Margaret Schick and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Onondaga on the 19th day of April, 1923, upon the dismissal of the complaint by

direction of the court at the close of the plaintiffs' case, and also from an order entered in said clerk's office on the 26th day of April, 1923, denying the plaintiffs' motion for a new trial made upon the minutes.

*Thomas H. Ward* [*Walter Welch* of counsel], for the appellants.

*Chapman, Newell & Crane* [*Harry E. Newell* of counsel], for the respondents.

DAVIS, J.:

Although counsel for appellants claim otherwise, this is an action of ejectment. (Civ. Prac. Act, § 7, subd. 8.) The plaintiffs seek to recover possession of certain real estate claiming title thereto and that they were unlawfully ousted therefrom by defendants, who have since detained it. They also ask damages for withholding the property. On the trial the complaint was dismissed.

Margaret Wolf originally was the owner of a block containing four separate residences, now known as Nos. 341, 343, 345 and 347 West Onondaga street in the city of Syracuse. They formerly had different numbers. Margaret died intestate November 11, 1907. Surviving her were her husband Frederick and their four children, Lydia Beach, Ida Schick, Arthur and Cyrus Wolf. The four children on June 1, 1909, by quitclaim deed conveyed their interest in said premises to their father. Contemporaneously therewith he executed an agreement wherein he covenanted in consideration of the quitclaim deed and " other good and valuable consideration " to " grant or devise the premises known as No. 327 [now 343] W. Onondaga Street, Syracuse, New York, in fee simple " to Cyrus. Similar agreements as to the other houses were made with his other children. No provision for delivery of possession was made in the agreement. Frederick Wolf died August 9, 1918, the holder of the record title to the premises. He did not in his lifetime convey the premises in question to Cyrus, nor in his will, duly probated June 27, 1921, did he devise said premises to him. On the contrary, he did devise them to Florence Margaret Schick and Fred Harold Schick, the children of his daughter Ida. Another paragraph in the will gave a power of sale to the executors to lease, mortgage and sell any real estate owned by the testator at the time of his death for carrying out the terms of said will.

The testator had been occupying the premises for seventeen years. Ida, her husband and children occupied the adjoining premises. There was a doorway between them used continuously for passage, and the daughter and her family were in and out caring for the rooms. After the father's death this qualified occupancy

on their part continued. There was furniture in the house belonging to the family and they went in to sweep and clean, had control of the property, and kept the doors locked.

On Sunday, November 2, 1919, when Florence and Fred were at church, Cyrus Wolf broke in by force through the back door, making threats against those who might interfere, and moved out the furniture of his sister and her family. He and his wife moved in with their household goods and have since retained possession. There had been previous ill-feeling between these parties, and it is claimed that prior to said entry Cyrus, abetted by his wife, the other defendant, made threats against his sister and her children and assaults upon them, and had put them in fear. It may be inferred for this reason that Mrs. Schick, who was in her own apartment at the time of entry, did not make resistance. Plaintiffs did not eject these intruders forcibly, nor were they required to make such attempt. (*Cain* v. *Flood*, 14 N. Y. Supp. 776; affd., 138 N. Y. 639.)

The answer alleges that on May 9, 1919, Cyrus brought an action for the purpose of compelling specific performance of the agreement to grant or devise the property in question, and that the plaintiffs and Ida Schick were made defendants therein; that issue has been joined, and said action is pleaded in bar of the present action. The complaint in that action was not offered in evidence by defendants. No proof was given as to the facts stated in said answer beyond the mere introduction of the contract itself in evidence. No judgment in that action having been produced, we may assume that the action is still pending undetermined.

It might be a question of fact as to whether the devisees were in actual possession of the premises in question or whether the executors had any right of possession. We are uninformed as to whether in the course of the administration of the estate it was necessary for the executors to exercise the powers granted them by the will. But as the complaint has been dismissed, all inferences are favorable to plaintiffs.

So far as the record discloses, they were not only in actual possession at the time of defendants' unlawful entry, but also held title thereto by virtue of the will. Their title vested at the time of the testator's death and not at the probate of the will. (*Corley* v. *McElmeel*, 149 N. Y. 228; *Irving* v. *Bruen*, 110 App. Div. 558, 560; affd., 186 N. Y. 605; 40 Cyc. 1995.) The probate merely supplied evidence of the validity of their title. The devise to them presumptively established both title and possession which is presumed to continue until the contrary is shown. (*New York Central & H. R. R. R. Co.* v. *Moore*, 137 App. Div. 461; affd., 203 N. Y.

615.)   Their possession was also *prima facie* evidence of ownership in fee.   (*People ex rel. Cooper* v. *Field,* 52 Barb. 198.)   Their title was subject to being divested by the rights of the executors to sell the property to pay debts or in the course of administration under their power of sale; and subject further to the right of the defendant Cyrus to obtain title under his contract.

This contract had not ripened into title.   Under it he was given no right to immediate possession.   His acts in obtaining possession constituted forcible entry and detainer.   (Civ. Prac. Act, § 1412; *Fults* v. *Munro,* 202 N. Y. 34.)

Having the right to possession and conclusive evidence of title by the decree admitting the will to probate (Real Prop. Law, § 245; *Cagger* v. *Lansing,* 64 N. Y. 417, 428) plaintiffs had three possible remedies: (1) They might institute summary proceedings to recover possession (Civ. Prac. Act, § 1411, subd. 4; Id. § 1412); (2) an action for treble damages for forcible entry and detainer (Real Prop. Law, § 535, as added by Laws of 1920, chap. 930); (3) an action for ejectment in which they might recover damages (Civ. Prac. Act, § 990).   Such damages may be trebled if proper allegations are contained in the complaint, and the proof of forcible entry ·and detainer is sufficient.   (*Compton* v. *The Chelsea,* 139 N. Y. 538.) The plaintiffs adopted in part the latter course.   They have asked for possession and damages, but have not asked to have them trebled.

Ejectment will lie against one in peaceable possession but it is incumbent on the plaintiff to show superior title as well as the right to possession.   (*Jackson ex dem. Livingston* v. *Bryan,* 1 Johns. 322, 326; *McLean* v. *MacDonald,* 2 Barb. 534, 537; *Cagger* v. *Lansing, supra;* 19 C. J. 1036.)   A plaintiff must recover on the strength of his own title and cannot rely upon any weakness in that of the defendant.   (*Jarvis* v. *Lynch,* 157 N. Y. 445, 448; *People* v. *Inman,* 197 id. 200, 205; *Veve* v. *Sanchez,* 226 U. S. 234.)

As already stated, we may assume that the plaintiffs Florence Margaret and Fred Harold had rightful possession at the time entry was made.   Title had not necessarily vested in the executors because of the power of sale.   (*Smith* v. *Chase,* 90 Hun, 99, 102.) The title of the devisees was subject to being divested if the agreement to devise to Cyrus should be enforced.   (*Parsell* v. *Stryker,* 41 N. Y. 480.)   He had at the most merely a cause of action against the devisees who may have taken the property impressed with a trust to convey to him.   (Page Wills, § 79; Pom. Eq. Juris. [Eq. Rem.] 746.)   For all that appears, the contract may have been canceled or rescinded, or may be subject to other valid defenses.   The action to enforce it has not been determined, nor

do we know except from the answer and some discussion between counsel on the trial, that there is such an action. The presumption that the contract is still in effect, which might arise from its production on the trial and introduction in evidence, is overcome and destroyed by the devise in the will.

If Cyrus entered peaceably under his contract, the equitable title he asserts might have protected him, if established by sufficient proof of its validity. (*Lamont* v. *Cheshire*, 65 N. Y. 30, 42; *Cooper* v. *Monroe*, 77 Hun, 1; *Dyke* v. *Spargur*, 143 N. Y. 651.) But possession of real estate gained by force or fraud against the will and consent of the owner, without color of lawful authority, is not a defense to an action of ejectment brought by such owner. Possessory rights may not be acquired by the commission of a trespass. (*Howell* v. *Leavitt*, 95 N. Y. 617; *Herrmann* v. *Cabinet Land Co.*, 217 id. 526.) Defendants, therefore, obtained no valid rights of possession by breaking forcibly into the premises and ousting plaintiffs.

We conclude that the plaintiffs were entitled to maintain this action. On the proof at the time the motion for dismissal was granted, a verdict might have been directed for plaintiffs. It is likely that defendants may be able to produce further proof on a new trial. The judgment and order should, therefore, be reversed and a new trial granted, with costs to appellants to abide the event.

All concur.

Judgment and order reversed on the law and new trial granted, with costs to appellants to abide event.