GEORGE MILLINER, as Committee of the Person and Property of WILLIAM RYAN, an Incompetent Person, Appellant, *v.* AUGUSTUS MORRIS, as Administrator, etc., of THOMAS RYAN, Deceased, and as Executor and Devisee, etc., of GEORGE J. RYAN, Deceased, and Another, Respondents.

Fourth Department, January 5, 1927.

**Executors and administrators — action for specific performance of contract to leave property to plaintiff's incompetent by will — will of party making contract devised property to son — son died leaving will devising all remainder to defendant — personal estate of son is sufficient to pay debts and pecuniary legacies — defendant, as administrator, is in possession of all personal property left by party making contract and is necessary party defendant — as to real property which went to son by will and then to defendant, defendant, personally, is necessary party — defendant, as executor of son, is proper party.**

In an action by the committee of an incompetent person to compel the specific performance of a written contract by a third person to leave to the incompetent one-half of the property of which he was seized and possessed at the time of the making of the contract and which he continued to own at the time of his death, it appears that said party violated his contract by leaving all of his property to his son; that the son subsequently died leaving a will in which he devised all the remainder of his estate to the defendant. The son's personal property is sufficient to pay all debts and pecuniary legacies.

The defendant, as administrator of the party making the contract, is in possession of all his personal property and as to such is a necessary party defendant to

this action, and said defendant who, under the will of the son has received all of the real estate of the party making the contract, is, individually, a necessary party defendant to this action.

The defendant, as executor of the son, occupies the same legal position in relation to the questions involved which his testator would have occupied and is, as such executor, a proper party defendant.

APPEAL by the plaintiff, George Milliner, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Niagara on the 14th day of August, 1926, striking out as parties defendant Augustus Morris, as executor of and devisee under the last will and testament of George J. Ryan, deceased.

*J. Wesley Andrews*, for the appellant.

*J. Carl Fogle*, for the respondents.

SEARS, J.   The plaintiff, as committee of an incompetent person, has brought this action, in equity, for relief in the nature of specific performance of a written contract by the terms of which Thomas Ryan, now deceased, agreed upon his death to leave to the incompetent person one-half of the property of which he was seized and possessed at the time of making the contract, which he continued to own at the time of his death.   The complaint demands other relief which is immaterial upon this appeal.   Besides setting out the contract, the complaint contains the following statements of fact material on this appeal:  Thomas Ryan failed to perform the contract, but died leaving a last will and testament in which he devised and bequeathed all of his property to his son, George J. Ryan.   The estate of Thomas Ryan, at the time of his death, consisted of a parcel of real property described in the complaint, and a substantial amount of personal property.   George J. Ryan has also died, and by his will, after providing for certain pecuniary legacies, devised and bequeathed the remainder of his estate to the defendant Augustus Morris, and appointed him executor. Augustus Morris has qualified as the executor of George J. Ryan's will and has also been appointed by the Surrogate's Court administrator of the estate of Thomas Ryan with the will annexed, and is acting in both of these capacities.   The personal estate of George J. Ryan is sufficient to pay all his debts and all the pecuniary legacies provided for in his will.   The defendant Augustus Morris, as administrator with the will annexed of Thomas Ryan, is in possession of the entire personal estate of which Thomas Ryan was possessed at his death.   The plaintiff has named Augustus Morris as a party defendant in three capacities, namely, as administrator with the will annexed of Thomas Ryan, deceased, as executor of

the last will and testament of George J. Ryan, deceased, and as devisee under George J. Ryan's will. The defendant Augustus Morris in all three capacities has moved to be stricken out or dropped from the action as a party defendant in the capacities of executor of and devisee under the last will and testament of George J. Ryan, deceased, on the ground of misjoinder. This motion was granted at the Special Term. The defendant Morris did not by this motion challenge the sufficiency of the complaint as it affected him as administrator of the Thomas Ryan estate.

The power of the court in a proper case to grant equitable relief where there has been the breach of a contract to make a devise or bequest is established. (*Winne* v. *Winne*, 166 N. Y. 263; *Phalen* v. *U. S. Trust, Co.*, 186 id. 178; 28 Harv. Law Rev. 251.) What is equivalent to specific performance may be accomplished by declaring the owners of the legal title constructive trustees for so much of the property as will satisfy the contract.

As to the personal estate of Thomas Ryan, the administrator of such estate having in his possession the personal property is a necessary party defendant. As to real estate affected by the contract, the devisee named in the will of Thomas Ryan would, if living, be a necessary party defendant. Upon the death of one seized of real property, the title to such real property vests in the devisee by virtue of the will itself. (*Corley* v. *McElmeel*, 149 N. Y. 228; *Alfred University* v. *Frace*, 193 App. Div. 279.)

Under the facts stated above the defendant Augustus Morris through the devise to him under the will of George J. Ryan, has succeeded to his title and become seized of the real estate described in the complaint which Thomas Ryan owned. He is consequently a necessary party to the action in his individual capacity.

It may be that the defendant Morris, as executor of the will of George J. Ryan, that is, as the personal representative of the residuary legatee under Thomas Ryan's will, is not a necessary party. It is in his capacity as administrator of Thomas Ryan's estate with the will annexed that the defendant Morris holds the legal title to the personal property which Thomas Ryan possessed at his death. An executor or administrator with the will annexed as such takes the unqualified legal title of all personalty not specifically bequeathed, but holds it, not in his own right, but as a trustee for the benefit, *first*, of the creditors of the testator, and *second*, of those entitled to distribution under the will, or, if not all bequeathed, under the Statute of Distributions. (*Blood* v. *Kane*, 130 N. Y. 514; *Wickenheiser* v. *Colonial Bank*, 168 App. Div. 329.) An executor or administrator with the will annexed holding the legal title generally represents creditors and legatees, and con-

sequently creditors and legatees are not necessary parties to suits involving claims against a decedent's estate. However, under the circumstances of the present case, George J. Ryan, the sole legatee as well as sole devisee under his father's will, were he living, would have been the sole person beneficially interested in defeating the plaintiff's claim. Under such circumstances, even in relation to the personal estate, he would have been a proper, though probably not a necessary party to this action in equity. (*Delcambre* v. *Delcambre*, 210 N. Y. 460; *Phalan* v. *U. S. Trust Co.*, *supra*, 190.) Augustus Morris, as executor of the will of George J. Ryan, occupies the same legal position in relation to the questions involved which his testator would have occupied. In such capacity he is a proper party defendant.

The motion was made under section 192 of the Civil Practice Act, which provides that parties misjoined may be dropped by the court at any time as the ends of justice may require. Nothing in the record suggests that injury might accrue to the moving defendant in any of his capacities by being retained as a defendant in all of them.

The contract as stated above related only to that part of the estate of Thomas Ryan of which he was seized or possessed at the time of making the contract. There is no direct allegation in the complaint that the property, real and personal, which he owned at the time of his death was owned by him when the contract was made. Whether the complaint is defective in this respect is not before us. The motion is not for judgment dismissing the complaint under rule 106 of the Rules of Civil Practice. The defendant does not urge that a cause of action is not alleged against him as administrator with the will annexed of Thomas Ryan. We do not pass upon the sufficiency of the complaint. If it is defective, the omission may be supplied by motion for leave to amend.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.