CAROLYN P. SAUVAGE, Respondent, v. NORMAN J. SAUVAGE, Appellant.

First Department, May 20, 1932.

*Wilfred H. Gillon*, for the appellant, appearing specially.

*Charles J. Holland* of counsel [*Lewis J. Weadock* with him on the brief; *Charles J. Holland*, attorney], for the respondent.

MERRELL, J. Plaintiff seeks to recover money damages for an alleged conversion of one-half of the proceeds of a policy of life insurance for $10,000 issued upon the life of William H. Sauvage, deceased. The summons and complaint were issued herein on or about December 5, 1931. The defendant is a non-resident of the State of New York, residing at Dayton, in the State of Ohio. At the time of issuing the summons and complaint plaintiff procured a warrant of attachment to be issued on the ground that the defend-

ant was a non-resident of the State of New York and that the action was for conversion. The warrant of attachment, with the accompanying notice from the sheriff, was delivered by the sheriff to the attorney for the defendant in the State of New York on December 10, 1931. The attorney to whom said warrant of attachment and notice were delivered by the sheriff is the attorney for the defendant who is the administrator with the will annexed of said decedent. Upon receipt of the warrant of attachment and notice by said attorney, the latter advised the sheriff that he had no property belonging to the defendant, and refused to accept service for or on behalf of the defendant, either individually or as administrator of the estate of William H. Sauvage, deceased. The defendant is both administrator with the will annexed of the estate of William H. Sauvage, deceased, and is a beneficiary of said estate. The estate of said decedent is still in course of administration. On December 26, 1931, the summons and complaint herein were served upon the defendant outside the State of New York and in the city of Dayton, State of Ohio, without an order, pursuant to section 235 of the Civil Practice Act. Upon such attempted service of process the defendant appeared specially and moved this court for an order vacating and setting aside the attempted levy under the warrant of attachment herein and to vacate and set aside the service of the summons and complaint upon him outside the State of New York. The defendant's motion was denied by the order appealed from.

We are of the opinion that there was no valid levy made under said warrant of attachment. The warrant was served upon the attorney for the administrator of the estate of said decedent. There was no property whatever belonging to the defendant in the hands of said attorney at the time of the attempted service of said warrant of attachment. The sheriff was so advised by the attorney. The papers in opposition to defendant's motion to vacate the warrant of attachment do not describe any property belonging to the defendant individually which plaintiff claims was in the possession of said attorney. Whatever property was in the hands of the attorney belonged to the estate of William H. Sauvage, deceaed, and was held by the administrator with the will annexed of the estate of said decedent. The title to the assets of the estate of a deceased person, pending administration, rests in the administrator. In 23 Corpus Juris, page 1172, the rule is thus stated: " The executor or administrator is the legal owner, for the time being, of the personal property of which decedent died possessed, and his title and authority extends so completely to all such property as to exclude for the time being creditors, legatees, and all others beneficially interested in the estate." As a beneficiary of the estate of William H. Sauvage,

deceased, the defendant undoubtedly had an interest in the estate subject to attachment, but in order to attach any interest which the defendant, appellant, might have, it was necessary to attach such interest as provided by section 917 of the Civil Practice Act. That section prescribes the method of levying under a warrant of attachment, as follows: " Method of making levy. A levy under a warrant of attachment must be made as follows: * * *

" 3. Upon other personal property, by leaving a certified copy of the warrant, and a notice showing the property attached, with the person holding the same; or, if it consists of a demand, other than as specified in the last subdivision, with the person against whom it exists; or, if it consists of a right or share in the stock of an association or corporation, or interests or profits thereon, with the president, or other head of the association or corporation, or the secretary, cashier, or managing agent thereof, *or if it consists of a right or interest in an estate of a deceased person arising under the provisions of a will or under the provisions of law in case of intestacy, with the executor or trustee under the will, or the administrator of the estate.*" (Italics are the writer's.)

Under the provisions of the above-quoted section the only manner in which the defendant's interest in the estate of said decedent might be attached was by the service of the warrant of attachment upon the administrator with the will annexed of said estate. No attempt was made to effect such service. The attempt to justify the service of the warrant of attachment under the first clause of subdivision 3, above quoted, is futile because of the fact that the attorney for the defendant had no property whatever in his possession belonging to the defendant individually. At the time of the delivery of said warrant to the attorney, he had no property whatever in his possession belonging to the defendant individually. The only manner that a right or interest of the defendant in the estate of decedent could be reached was pursuant to the last, or italicized, portion of subdivision 3, above quoted, to wit, by service of the warrant upon the administrator. Service upon an attorney is not service upon the administrator, unless the attorney accepted service for his client. The record shows that the attorney refused to accept service, and so advised the sheriff.

We are also of the opinion that the service of the summons and complaint outside the State without an order, upon the assumed authority of section 235 of the Civil Practice Act, was ineffective. That section (as amd. by Laws of 1930, chap. 833) provides as follows: " Personal service out of the State without order. Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon a specific real

or personal property within the State or that such an interest or lien in favor of either party be enforced, regulated, defined or limited, or otherwise affecting the title to such property or where the complaint demands judgment annulling a marriage, or for a divorce, or a separation; *or where it appears by affidavit filed in the action or as part of the judgment roll in such action that a warrant of attachment, granted in the action, has been levied upon property of the defendant within the State, the summons may be served without an order, upon a defendant without the State in the same manner as if such service were made within the State, except that a copy of the complaint must be annexed to and served with the summons, and that such service must be made by a person or officer authorized under section two hundred and thirty-three of this act to make service without the State in lieu of publication.* Service without the State without an order is complete ten days after proof thereof is filed." (Italics are the writer's.)

It is clear, from the language of the section above quoted, that service of the summons and complaint herein could not be made under that section, in the absence of a valid levy under the warrant of attachment first had within this State. The cause of action alleged in the complaint does not otherwise come within either of the forms of actions mentioned in section 235. Under that section a levy under a warrant of attachment must first be made prior to the service outside of the State without an order. In an action *in rem* the rule is different, and the court having jurisdiction of the *res* may validate its process to the extent of such *res*, although served outside the limits of its jurisdiction. This action is one *in personam*, and no judgment can legally be obtained in such an action by the service of the summons and complaint outside this State prior to a levy under a warrant of attachment being first had and obtained. In our opinion the levy upon the property of the defendant was a condition precedent to the service of the summons and complaint without the State without an order for such service.

The order appealed from should be reversed, with ten dollars costs and disbursements, and defendant's motion granted, with ten dollars costs to defendant, appellant, against plaintiff, respondent.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.