Blanche L. STEELE, sometimes Blanche
C. Steele, and William E. Steele, execu-
trix and executor, respectively, of the
estate of William J. Steele, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. 1815.

United States District Court
D. Montana, Billings Division.

Oct. 23, 1956.

Brown, Sande & Forbes and Rock-
wood Brown, Jr., Billings, Mont., for
plaintiff.

Krest Cyr, U. S. Dist. Atty., Butte,
Mont., John A. Rees, Tax Division, Dept.
of Justice, Washington, D. C., for de-
fendant.

PRAY, Chief Judge.

The above entitled cause is submitted
to the court on an agreed statement of
facts, presenting therefore only legal
questions for final determination. The
pertinent facts involved center about the

proper interpretation of the last will of
the decedent, William J. Steele, who died
about September 1, 1951. The wording
of the will aforesaid directly in ques-
tion here reads as follows:

"In the event my said wife, Blanche
C. Steele, should not be living at the
time Decree of Distribution of my es-
tate is made hereunder, then that por-
tion of my estate which she would have
received had she lived, I give, devise and
bequeath to my son and daughter, above
named, in equal parts, share and share
alike, or to the survivor of them."

The facts are that the wife of the de-
cedent, Blanche L. Steele, was living at
the time decree of distribution of said
estate was made, and at the time of dis-
tribution of said estate. The District
Court in and for the Thirteenth Judicial
District of the State of Montana in and
for Yellowstone County made and en-
tered its decree therein modifying de-
cree of distribution in said estate, which
is marked Exhibit A and attached to the
stipulation of facts aforesaid.

The estate tax return was filed by the
plaintiff with the Collector of Internal
Revenue at Helena, Montana, and the
tax paid on December 1, 1952, in the
sum of $19,800.50. Later on the Com-
missioner of Internal Revenue assessed
a deficiency tax against the plaintiffs in
the sum of $34,952.20 together with de-
ficiency interest in the amount of $4,-
819.77, a total of $39,771.97, which was
paid by the plaintiffs.

The plaintiffs thereupon filed with the
director of Internal Revenue timely
claims for refund, and no refund was
made, nor was any action taken by the
defendant allowing such refund within
six months subsequent to the filing of
such claims for refund.

It is agreed between the parties here-
to that if the plaintiffs prevail herein,
that they shall be entitled to a refund
from the defendant of $33,912.56 for
taxes paid and $4,819.77 for deficiency
interest paid, in all $38,732.33, with in-
terest on this amount as provided by
law.

The law in question here is known as the "Marital Deduction" for estate tax purposes. 26 U.S.C.A. § 812. Counsel go on at length to discuss the origin and application of the "Marital Deduction", showing its importance in the taxation of estates, the deduction being made as in other instances from the gross estate. The Government seems to have advanced the theory that none of the property passing to the decedent's surviving wife under the first sentence of paragraph Fifth of the will was such as would qualify for the "Marital Deduction", the reason being that it is contended that the second sentence of paragraph Fifth of the will causes the gift to the surviving wife to be a conditional gift, one that will fail upon the happening of a contingency, to wit: the death of the wife, or widow, prior to decree of distribution, so that none of the property passing under paragraph Fifth would be entitled to such a deduction.

The plaintiffs state their position as follows: "That the second sentence of paragraph Fifth does not make the gift to Blanche Steele a conditional one for one of two reasons, (a) the state court has construed the second sentence of paragraph Fifth to mean that the gift to the surviving spouse fails only if the spouse predeceases the testator (which did not occur in this case) or (b) the second sentence of paragraph Fifty is void under the law of the State of Montana."

Plaintiffs rely heavily upon the case of Kasper v. Kellar, 8 Cir., 217 F.2d 744, 746, where the United States District Court in South Dakota on a very similar state of facts held that the marital deduction should be allowed; the higher court reversed holding that whether or not a gift is conditional to a surviving wife depends upon what might happen under the will, not what actually did happen. But counsel for plaintiffs reply that the higher court did not rule against the taxpayer, but remanded the case to the District Court to determine the general property law of the State of South Dakota regarding the proper interpreta-

tion of the decedent's will; the Court of Appeals held that it was possible that the words as used by the testator, "if living at the time of the distribution of my estate" are entitled to be read as meaning, "if living at the time of my death", according to the general property-and-will laws of South Dakota—the cases referred to showing that many authorities cited would so interpret the will, while other courts would give it an entirely literal interpretation.

The Court of Appeals held as follows: "On the basis of what has been said, the judgment is reversed and the cause remanded, for a determination, on the present record or otherwise, as the court may deem appropriate, of whether, under the wills—and—property laws of South Dakota, the language used and the intention and circumstances involved would be regarded as having had the legal effect of vesting and making undefeasible in the widow, as of the time of the testator's death, the property devised and bequeathed to her."

It then appears that the case of Kasper v. Kellar was tried de novo and the trial court decided that the pertinent language in the will meant that the bequest would pass to the testator's wife if she did not predecease him, and that consequently the gift was unconditional. Kellar v. Kasper, 217 F.2d 744; Kellar v. Kasper, D.C., 1956, 138 F.Supp. 738.

Plaintiffs claim at this juncture that there is present an identical situation in this case, with the exception that in the present case there is already presented to this court the interpretation of the will made by the State District Court in Montana, which shows and determines that the gift was unconditional and to the surviving wife, and that the decision of the State Court is binding on this court, and cites Estate of Allen Clyde Street, 25 T.C. 673, as an additional supporting authority. Also Uterhart v. United States, 240 U.S. 598, 36 S.Ct. 417, 60 L.Ed. 819; Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 57 S. Ct. 330, 81 L.Ed. 465; Henricksen v. Baker-Bozer National Bank, 9 Cir., 139

**318**

F.2d 877; Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154; Gallagher v. Smith, 3 Cir., 223 F.2d 218.

Defendant states: "It is submitted that, by reason of the different facts, nothing in the final decision can be helpful in the instant case except to show that sometimes and in some cases an adjudication of property rights under state law does prevent the Commissioner of Internal Revenue from taking an inconsistent position. With commendable frankness taxpayers state in their argument (pp. 13-14) that they find no opposite of the Montana Supreme Court and, absent any code provision in the Montana Statutes, suggest that the common law is the law of Montana.

Thus it appears that the case at bar is one in which this court has for determination a question whether certain clear, plain and unambiguous language in a will reading "in event my said wife, Blanche C. Steele, should not be living at the time decree of distribution of my estate is made hereunder," should receive any interpretation different from that which is obvious. Taxpayers' real argument appears to rest heavily, if not entirely, upon a premise that the decree (Stip. Ex. A) is controlling (Br. 8-12).

The defendant states that the Government is not bound by collusive or mere consent decrees. The plaintiffs reply that: "The Government apparently just assumes that any state decree which would have the effect of reducing a tax owed to the United States must be collusive. The Government has conceded that they are bound by the state decree if it is not a collusive one. (P. 17 of the Government's brief.) Nor has the Government in any way avoided the effect of the case of Brodrick v. Gore, 10 Cir., 224 F.2d 892, which in no uncertain terms holds that the Government cannot maintain that a decree pleaded in a complaint is not binding because it was collusive unless the Government in some manner affirmatively pleads the collusiveness of the decree in question."

Then follows the argument of counsel claiming that the Brodrick case is almost on "all fours" with the situation presented here, and that although the taxpayer has the burden of showing the right to the "Marital Deduction", that this has been shown by the state court decree, and cites the law that the validity of a judgment is always presumed, and that, 31 Am.Jur. 76; Brodrick v. Gore, supra, as appears from the Brodrick case, the Government must affirmatively plead any defense of collusion or fraud before attempting to attack a judgment pleaded by plaintiff.

There seems to be no doubt that Blanche L. Steele is entitled to the "Marital Deduction" if the gift to her was unconditional, and the decree of the state court so holds. All things considered—both law and facts, in the opinion of the court the plaintiffs are entitled to prevail in this action, and such is the decision of the court herein. Findings of fact and conclusions of law may be submitted, also form of judgment. Exceptions allowed counsel.