In the Matter of the Estate of PETER BRITZ, Deceased.

Surrogate's Court, Erie County, June 17, 1932.

*Jerome Cantor* [*William R. Pooley* of counsel], for the Liberty Bank of Buffalo, as committee of the person and property of John Britz, an incompetent person.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Christopher Baldy* of counsel], for the Marine Trust Company of Buffalo, respondent.

HART, S. Peter Britz, a citizen of the United States, died in Darling Point, Sydney, New South Wales, Australia, on or about November 23, 1921, leaving a last will and testament dated August 30, 1921, which was admitted to probate by this court on the 10th day of May, 1922, and letters testamentary issued to the Marine Trust Company of Buffalo, the American executor named in said will, and said trust company was appointed trustee of various trusts created out of the American estate of the said decedent.

In paragraph " tenth " of said will the said decedent directed his American executor " To pay to my brother John Britz $5000.00," and in the " nineteenth " paragraph of said will said decedent provided as follows: " As I have not heard anything of my brothers John or William for many years, I direct my said American Executor to use all reasonable endeavors by advertising or such other manner as my American Executor shall see fit to ascertain their where-

abouts, and if within one year from my death, their whereabouts have not been discovered, the legacies given to such of them as has not been discovered shall lapse."

It appears that on the 20th day of July, 1923, the said the Marine Trust Company of Buffalo, as executor of said estate, filed its account, with a petition, praying that said account be judicially settled and allowed, which said petition contains an allegation as to John Britz that his address was unknown, and a citation duly issued thereon to all parties interested in said estate, including said John Britz. An order of service of said citation on the said John Britz by publication thereof was granted, and the publication of said citation was made pursuant to said order in the Buffalo *Evening Times* and the Buffalo *Commercial*, published in the city of Buffalo, N. Y. On the return of said citation, George D. Crofts, an attorney and counselor at law in the city of Buffalo, was appointed the special guardian for the said John Britz and appeared for him in said proceedings, and on the fourteenth day of February he duly verified a recommendation as such special guardian, recommending to this court that the decree submitted was in all respects satisfactory.

The decree judicially settling and allowing the accounts of said executors granted on the 14th day of February, 1924, and filed in this court on the 11th day of March, 1924, among other things, found: " And it appearing to the satisfaction of the Surrogate that The Marine Trust Company of Buffalo, the American Executor of the estate of said decedent, has used all reasonable endeavor by advertising and otherwise to ascertain the whereabouts of John Britz and William Britz, brothers of the testator named as legatees under said will, and said Executor has been unable to ascertain their whereabouts, and that more than one year has lapsed since the death of the testator,

" It is further Ordered, Adjudged and Decreed that the legacies to said John Britz and William Britz be and hereby are determined and have lapsed."

It is with this provision of said decree that we are presently concerned.

It appears that the said John Britz is an incompetent person, and at the time of the probate of the will and at the time of the granting of the decree judicially settling the accounts of the executor was an incompetent person, and an inmate of the Buffalo State Hospital at Buffalo, N. Y., and had been an inmate in said hospital for many years, and had been committed to said hospital by the public authorities on the 22d day of March, 1924, where he remained until February 19, 1931, and has since been transferred to the

Rochester State Hospital; that the Liberty Bank of Buffalo was appointed the committee of the said John Britz on the 29th day of July, 1931, and on the affidavit of Jerome Cantor, attorney for said Liberty Bank of Buffalo, as such committee, an order of this court was granted on the 18th day of November, 1931, directing the Marine Trust Company of Buffalo, as executor of the estate of Peter Britz, deceased, to show cause why the decree granted by this court on February 14, 1924, in which the legacy for the aforesaid John Britz was determined to have lapsed, should not be set aside, and to further show cause why an order should not be granted restoring and reinstating said legacy to said John Britz, and providing for the payment of said legacy to the Liberty Bank of Buffalo, as committee, and said Liberty Bank, as such committee, presented to this court a petition on the 5th day of February, 1932, praying that said decree of February 14, 1924, be opened, modified and amended in so far as it determined that the said legacy of $5,000 to said John Britz had lapsed, and for all such other and further relief as may be just and proper. A citation was issued on said petition directed to Peter Edwin Britz, Vera Britz Dowling and William Keller, persons interested in the estate of said decedent.

And on the return of said citation, Max Yellen, attorney and counselor at law, of Buffalo, N. Y., was appointed special guardian of Peter Edwin Britz, an infant, at which time said proceedings were consolidated.

It appears from the affidavit of Henry W. Work, assistant secretary of the Marine Trust Company of Buffalo, the American executor, filed prior to the granting of said decree, that deponent had personally inquired of various relatives of John Britz, including his brother, Charles Britz, and his half-brother, Julius Britz, in reference to his whereabouts, and that deponent had also corresponded with parties in Ontario and Colden, N. Y., whom he was advised by the relatives of said John Britz might have some information with reference to him, and that he had been unable to obtain any information as to his whereabouts. And that said executor had also caused an advertisement to be inserted in the Buffalo *Evening News* without results, and contained an allegation that deponent had used all diligence to ascertain the place or places where the said John Britz would probably receive mail matter transmitted through the post office and was unable to ascertain the same. And in view of the fact that the citation for the judicial settlement was published in two prominent newspapers published in the city of Buffalo, of a large circulation, and that a special guardian in said proceeding was appointed and acted for said John Britz, and recommended the granting of said decree.

I am of the opinion that the said executors used the " reasonable diligence " required by article nineteenth of said decedent's will in their attempt to find the said John Britz, and, therefore, that the decree of this court granted on the 14th day of February, 1924, should be sustained.

A decree may enter denying the application of the petitioner.