In the Matter of the Estate of LIZZIE R. LAWTON, Deceased.

Surrogate's Court, Ulster County, April 3, 1940.

*Charles DeLaVergne*, for William Lawton, as executor, etc.

*Andrew J. Cook* [*Francis T. Murray* of counsel], for Anna M. DeLisser.

FLEMMING, S. Lizzie R. Lawton died a resident of the city of Kingston, Ulster county, N. Y., on the 29th day of January, 1940, leaving a last will and testament which was admitted to probate on the 12th day of March, 1940.

Upon the probate of the decedent's will, the executor seeks the aid of the court in the construction of the second paragraph, which disposes of the residuary estate. A citation was issued and served upon a sister and a nephew of decedent, all of the interested parties. The sister and decedent's husband, William Lawton, the petitioner, are the only beneficiaries named in the will. The first paragraph provides for payment of debts and funeral expenses. The second paragraph contains the following:

" *Second.* I give, devise and bequeath all my property, real and personal, of every kind, nature and description to my husband, William Lawton, *in case he survives me for a period of one year after my death and in the event that he does not survive my death for such period of one year, then and in that event, I give, devise and bequeath all my property aforesaid to my sister, Anna M. DeLisser.*"

The will disposes of real and personal property. The husband was named as executor.

Is the absolute ownership and power of alienation of the property disposed of by the second paragraph suspended beyond the statutory period? It is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. It is void in its creation when suspended by any limitation or condition whatever for a period longer than the continuance of two lives in being at the creation of the estate, with certain exceptions not applicable here. (Real Prop. Law, § 42; *Benedict* v. *Salmon*, 177 App. Div. 385.) The rule as to a suspension beyond two lives in being at the death of the testator applies to personal property, with exceptions not important here. (Pers. Prop. Law, § 11.)

Remoteness of vesting affected both bequests under the residuary clause in the instant case. There was no trust created; no disposition of income; no power of sale of real estate. The husband took no vested estate or interest in the principal or income of the residuary fund. The right to either was conditioned upon his surviving the death of testatrix for one year. The provision for the sister was an alternative gift, conditional upon the husband not surviving the testatrix for the period of one year. (*Kenyon* v. *See*, 94 N. Y. 563.) There was, therefore, following decedent's death no absolute owner or owners of the residuary estate who could transfer a good title. Should the sister predecease the husband within the period of one year and the husband die within the period of one year, in whom would the residuary fund vest?

It is not sufficient that the estate attempted to be created may, by happening of subsequent events, be terminated within the period prescribed, if such events might so happen that such estates might extend beyond the period; in other words, to render future estates valid they must be so limited that in any possible contingency they will absolutely terminate within the statutory period or they will be held void. (*Haynes* v. *Sherman*, 117 N. Y. 433, 437; *Shettler* v. *Smith*, 41 id. 328.)

In *Matter of Roe* (281 N. Y. 541), decided November 28, 1939, a unanimous decision of the Court of Appeals, the testatrix left her residuary estate in trust, naming a trustee; the income to be used for the support and maintenance of a nephew, if found within two years; and his children if he had children and if they could be found within two years. Upon the death of the nephew and his children, the remainder was to be divided between the grandchildren of the nephew. If the nephew or his family were not found within a period of two years, the trustee was directed to use the fund for the purchase of a site and erection of a hospital for the village of Patchogue, and this was to be in honor of the testatrix's father.

In considering the provisions referred to the court held that the sole question was whether the trust for the hospital vested at the date of testatrix's death, subject to being divested upon the contingency of the nephew or nephew's children being located within two years or whether the vesting was held in abeyance for the two-year period. If the latter, it violates the rule against perpetuities. Future limitation of an estate is too remote unless it is apparent that it must take effect and vest, if at all, within the period allowed by the rule as viewed at the time when the will takes effect. Here it was held that the testatrix died intestate as to the bequest under review, and that the test to be applied is whether the prescribed contingency or event may not arise until after the time allowed by law within which the gift over must take effect.

The disposition of the residuary estate in the instant case presents a situation where the vesting was held in abeyance for a period that runs counter to the statutory rule.

As to the residuary estate the decedent here died intestate.

An order may be entered in conformity herewith.