In the Matter of the Accounting of ROBERT F. GREACEN et al., as Executors of ROY GRIEVE, Deceased.

Surrogate's Court, New York County, February 23, 1945.

*Samuel L. Greacen* for Robert F. Greacen and another, as executors, petitioners.

*Frank J. Claydon, Umberto D'Allesandro* and *William A. Davidson* for Ruth Taylor, Commissioner of Welfare of Westchester County, as assignee of Anna M. Brandt, deceased, respondent.

*Grace K. Santo,* special guardian for Joan L. Meinken and others, infants.

FOLEY, S. In this accounting proceeding a construction of the eleventh article of the will has been requested to determine the disposition to be made of the sum therein bequeathed in the words " I hereby give and bequeath unto Anna M. Brandt, if she be alive at the time when my Executors are ready to distribute my estate, the sum of Two Thousand ($2000.) Dollars."

Anna M. Brandt survived the testator but died within five months from the date letters testamentary were granted and before payment of the legacy had been made. It is contended by an assignee of the named legatee that the legacy vested in the latter during her lifetime and that the assignment was effectual. A participation in the legacy is also claimed on behalf of infant distributees of the named legatee subject to a holding as to the validity and extent of the assignment.

The Surrogate holds that the condition annexed to the gift was that the legatee survive until payment of the legacy could be made pursuant to section 218 of the Surrogate's Court Act. (*Matter of Merrill,* 208 App. Div. 649, affd. 239 N. Y. 517; *Matter of Kempf,* 252 App. Div. 28, affd. 278 N. Y. 613.)

In *Matter of Merrill* (*supra*) the will provided that if a legatee died before becoming entitled to receive the legacy according to the terms of the will, the legacy should lapse, and further provided that no legacy should be paid until one year after testator's death. The prevailing opinion of the Appellate Division held that the legacies were not absolute and did not vest upon the testator's death since the intent of the will was (p. 650) " to make no absolutely vested gift *in præsenti,* when the will speaks, but to defer to the future, that is, the end of the year, after testator's death, the time of ascertainment of the ultimate ownership." The Court of Appeals affirmed without opinion.

The single fact that Anna M. Brandt survived the decedent did not cause the legacy to vest in her. Her failure to survive

the period provided by statute for the executorial administration of the estate precluded a vesting of the gift in her at the termination of such statutory period and hence she had no interest that could be affected by any delay in the distribution of estate assets. (*Matter of Merrill,* 208 App. Div. 649, *supra; Finley* v. *Bent,* 95 N. Y. 364; *Smith* v. *Edwards,* 88 N. Y. 92; *Matter of Gordon,* 183 Misc. 567; *In re Denton's Will,* 46 N. Y. S. 2d 145.)

The intention of the testator is controlling. (*Booth* v. *Baptist Church,* 126 N. Y. 215, 243; *Matter of Kempf,* 252 App. Div. 28, *supra; Matter of Bottenweiser,* 185 Misc. 1023.) That intention is evidenced not only by the language of this bequest but by the distinction made in the will between this legacy and all others. Certain legacies are bequeathed subject only to the contingency that the particular legatee survive the decedent. Only in the eleventh article is there the distinctive condition before the Surrogate for construction. It clearly appears that the testator in the eleventh article of his will intended a personal benefit to the legatee and to her alone. The decedent did not intend that the assignees of the legatee, her distributees or persons taking under the will should receive his beneficence in the event the named legatee died before the statutory time for payment to her. Her attempted assignment of the potential benefit in anticipation of its receipt was in fact wholly ineffective to transfer any interest in the legacy. I hold that the bequest to Anna M. Brandt lapsed and the sum bequeathed falls into the residuary estate.

Submit decree on notice construing the will and settling the account accordingly.