In the Matter of the Accounting of ROBERT HERRMANN et al., as Executors and Trustees under the Will of LEO HERRMANN, Deceased.

Surrogate's Court, New York County, August 13, 1948.

*Louis Salant* and *Victor S. Gettner* for executors and trustees, petitioners.

*Marvin J. Bloch* and *Austin D. Graham* for Harold M. Marks, as executor of Leona H. Marks, deceased, respondent.

*Raymond J. Scully,* special guardian for Frederick E. Marks and others, infants, respondents.

COLLINS, S. The special guardian of the infants, who are alternative beneficiaries under the eleventh paragraph of the will, raises the question whether the one half of the residue which was given primarily to Leona H. Marks is payable to her personal representative, or whether, on the other hand, it is payable to her children because of her death prior to the time she became entitled to actual possession of the property.

The testator died on March 8, 1943. In his will he gave several general pecuniary legacies. In the ninth paragraph he created a trust for the benefit of his brother and upon the death of his brother he directed that the principal "shall be distributed between my nieces Leona Herrmann Marks and Henriette Herrmann Gettner, share and share alike." In the tenth paragraph he gave the residue and remainder of his estate to the two nieces above named. The eleventh paragraph, the construction of which is here in issue, reads as follows: " In the event that my niece, Leona Herrmann Marks, shall die before she shall become entitled to the possession of or title to any funds or property hereunder, the said funds or property shall be distributed among her children living at the time of such distribution, share and share alike, absolutely and forever; in the event that there shall be no such children then living, such funds or property shall go to Henriette Herrmann Gettner, and I give, devise and bequeath accordingly."

The twelfth paragraph is similar in text except that it provides for distribution in the event of the death of the other niece.

The will was admitted to probate and letters testamentary were granted on May 15, 1943. Leona H. Marks died on August 10, 1943, five months after the death of the testator. She was survived by two children who are represented by a special guardian. Henriette Gettner is still living. The testator left both real and personal property.

The special guardian contends that since Leona Marks died before distribution of the testator's property by the executors, her interest in the estate was divested by her death and the property passes to her two children. The accounting executors and the executor of the deceased niece contend that the gift of one half of the residuary estate vested indefeasibly in Leona H. Marks upon the death of the testator. They argue that the testator intended the words "before she shall become entitled to the *possession of* * * * any funds or property " to refer to the trust created under the ninth paragraph of the will and to mean that if the niece died prior to the life tenant of that trust she was to be divested of any interest in the remainder.

They contend that the words " before she shall become entitled to the  \*  \*  \*  *title to* any funds or property " were intended to refer to the gift of the residuary estate under the tenth paragraph of the will and to mean that only if she predeceased the testator would the alternative gifts take effect. As thus interpreted they concede that she has no further interest in the remainder of the trust but they maintain that the gift of one half of the residue vested indefeasibly in her when she survived the testator.

Upon the death of a testator title to his real property vests in the devisees named in his will. (*Waxson Realty Corp.* v. *Rothschild,* 255 N. Y. 332; *Barber* v. *Terry,* 224 N. Y. 334, 339; *Corley* v. *McElmeel,* 149 N. Y. 228, 235; *Schick* v. *Wolf,* 207 App. Div. 652.) In respect of his personal estate a different rule applies. An executor takes the unqualified legal title of all personal property of a testator not specifically bequeathed. The fiduciary holds it not in his own right but as trustee for creditors, legatees and other persons interested in the estate. (*Matter of Starbuck,* 251 N. Y. 439, 443; *Blood* v. *Kane,* 130 N. Y. 514; *Milliner* v. *Morris,* 219 App. Div. 425, 427; *Sauvage* v. *Sauvage,* 235 App. Div. 460, 461.) The legatees take no legal title to the subject of their legacies until the executor assents to the delivery of the property. (*Blood* v. *Kane, supra.*)

In the use of the terms " possession of " and " title to " with reference to any funds or property under his will, the testator evidently had in mind the distinction between property which descends immediately and property which is transferred only after the estate is administered. In respect of his personal property the legal title would be in his executors and the legatees would not be entitled to possession until the administration of the estate had proceeded to such a point that the executors could make distribution. The title to the real estate would devolve upon the devisees immediately without any act on the part of the executors. In one case there would be distribution only when the executors had acted to distribute the property and in the other case there would be distribution immediately.

The function of the court is to ascertain the intent and purpose of the testator as expressed in his will and to give effect to that intent and purpose insofar as it is not contrary to our laws and public policy. In the eleventh paragraph of the will his obvious intent was to confine his residuary estate to his two named nieces or their children. He contemplated the possibility that one or both of the nieces might die before actually receiving the property and he obviously knew that in such event others

not of his blood could gain rights in and to his property even while it was still in the hands of his executors. He made express provision in his will respecting the distribution of his property in the event that either niece should die before becoming entitled to " the possession of or title to *any funds or property* " thereunder. He directed that in such event " the *said* funds or property shall be distributed among her children living at the time of *such* distribution". (Italics supplied.) The words " *said* funds or property " can refer only to his real property to which the niece had not gained title or personal property of which she had not gained possession at the time of her death. The alternative gift is to her children living at the time of " such distribution ". In respect of children of a niece their survival to the time of actual distribution is clearly a condition precedent to their right to the property. It seems equally clear that the same condition was attached to the legacy to the nieces.

The text of the eleventh paragraph of the will thus clearly expresses the intent of the testator that the death of the niece before the distribution of items of property would cause the primary legacy to that niece to be inoperative in respect of any such undistributed property and would substitute as legatees of such property her children surviving at the time of actual distribution.

The court accordingly holds that upon the death of the testator, Leona H. Marks became vested with the title to one half of his real estate not otherwise specifically bequeathed. The fact that the executors collected rents or otherwise undertook the operation of the property does not divest her of her title to the property or destroy rights given to her under the will. The court further holds that in respect of the personal property the condition annexed to the gift was that the legatee should survive until payment of the legacy could be made and that upon her death prior to distribution of the property, her interest in such undistributed personalty was divested and became payable to her children living at the time of such distribution. (*March* v. *March,* 186 N. Y. 99; *Matter of Merrill,* 208 App. Div. 649, affd. 239 N. Y. 517; *Matter of Grieve,* 186 Misc. 601.)

It is argued that if the testator intended to divest a niece dying before distribution of any interest in the property and intended to give the property to her children living at the time of distribution, such an attempted provision would result in the suspension of the absolute ownership of personal property for an unlawful period (Personal Property Law, § 11). Under the rule that the court will presume that the testator intended to

make a lawful rather than an unlawful disposition, it is argued that the alleged invalidity of this disposition should cause the court to adopt the interpretation proposed by the executors and the estate of the deceased niece.

The statute (Personal Property Law, § 11) is aimed only at suspension of the power of absolute ownership by the terms of the will itself. (*Matter of Trevor,* 239 N. Y. 6, 16; *Beardsley* v. *Hotchkiss,* 96 N. Y. 201, 214; *Robert* v. *Corning,* 89 N. Y. 225, 238.) In this will the testator did not direct that his executors withhold distribution for any term at all. Title to the personal property vested in his executors by operation of the law and not by any specific direction in the will. The duty to collect the assets of the testator and to pay debts, claims and expenses before making distribution was imposed upon the executors by law and not by any explicit directions of the testator. The mandate to withhold payment of legacies for a period of seven months from the issuance of letters testamentary is laid upon the executors by statute (Surrogate's Ct. Act, § 218). There is nothing in the will itself which prescribes any period of time for the making of distribution.

In *Matter of Wiley* (188 N. Y. 579) the court pointed out that if that will were construed to mean that a legatee who died before distribution was divested of his interest in the legacy, there would be a question as to the validity of the conditional limitation as suspending the absolute ownership of personal property and the vesting of real estate during a period not terminable on lives. In that case, however, the testator had given certain annuities payable for a period of ten years after his death. The residue of his property, including the interest which might be received from the sums set apart to pay the legacies, he gave to his wife, two sisters and certain nieces and nephews and in case of the death of any of them before the whole of his estate was divided, he directed that the residue be divided among the survivors. It thus appears that under the terms of the will a period of ten years would elapse before there could be a final distribution of his estate and the testator had thus given directions for the holding of certain property for a term of years. Similarly in *Oxley* v. *Lane* (35 N. Y. 340) there was an attempt by the testator to postpone the division of his estate for a period of twenty-five years and in *Matter of Lawton* (173 Misc. 1059) the testator attempted to fix a period of one year prior to the making of any distribution. Here the testator made no directions for postponing distribution. Under the terms of his will the gifts became effective as soon as title or possession

could be transferred under the applicable provisions of law.

It is argued by the executors and by the estate of the deceased niece that the circumstances surrounding the execution of the will, including the text of a prior will executed by the testator, indicate an intent to vest the gift of the residue in the niece at the time of her death. Under the terms of the prior will a trust had been set up for the brother now living and the entire residue was set up in trust for the benefit of another brother who died in the interim between the execution of that will and the last will. Upon the death of the beneficiary of the residuary trust the trustees were directed to pay the corpus to the two nieces. The tenth paragraph of that will read: "In the event that my niece, Leona Herrmann Marks, shall die before she shall become entitled to possession of any or all of the trust property herein, then it is my will that her children, if any, shall take, per stirpes and not per capita, such portion as the said Leona Herrmann Marks would be entitled to had she lived  *   *   *."

The difference in text between the relevant portions of the two wills serves only to confirm the construction that the legacies to the niece were to be conditioned upon her survival to the time of actual distribution. In the earlier will the testator used the text "possession of any or all of the trust property herein". In the last will he substituted the text "possession of or title to *any* funds or property hereunder". (Italics supplied.) He thus made it clear that he meant the condition to apply not only to the trust property but to all of the property under his will. He made it clear also that insofar as he could lawfully do so he intended to confine his property to those of the designated persons who were living at the time they actually received such property.

The special guardian is directed to report promptly in respect of the accounting of the entire estate. After a determination of any issues that may be raised therein, a decree may be submitted on notice construing the will and settling the account accordingly.