In the Matter of the Accounting of FLORENCE MITCHELL, as Executrix of MYRTIE E. CHATFIELD, Deceased.

Surrogate's Court, Monroe County, December 31, 1948.

*Eugene E. Burger* for executrix, petitioner.

*Thomas A. McDermott,* special guardian for Cora Greenawalt, an incompetent legatee, respondent.

WITMER, S.   Testatrix died on March 25, 1927, and her will was admitted to probate in this court on May 2, 1927.   On this judicial settlement proceeding construction is asked of the residuary clause of the will, which follows:  " Fifteenth. — All the rest, residue and remainder of my estate both real and personal I give, devise and bequeath unto my nieces Florence Mitchell of Ontario, N. Y., Florence Brenner of Grand Rapids, Mich., Cora Shook of Grand Rapids, Mich., Dora Maloney of Detroit, Mich. and Cora Greenawalt of Phoenix, Baltimore, Md. to be divided among them equally, share and share alike.  Should any one of my said nieces decease before coming into possession of the bequest herein made to her, I will and direct that the share bequeathed to such an one shall be equally divided among the nieces who survive.''

Directly after the probate of the will a partial distribution of the personalty was made to each of the five named residuary legatees.   Thereafter one of said legatees, namely, Florence Brenner, died on August 4, 1927, less than five months after the death of the testatrix.   Two others, Dora Maloney and Cora Shook, died some years later, but before the sale of a parcel of realty which comprised more than one third of the total estate assets.   Petitioner executrix, Florence Mitchell, and respondent Cora Greenawalt, are the sole surviving residuary legatees.   The realty above mentioned is located in an undesirable section; it had title defects; and the executrix has adduced proof to establish that prior to the year 1948, it was not feasible to sell it as advantageously as it was sold in February, 1948.

The special guardian contends that under the terms of the residuary clause above quoted the three legatees who died have been divested of their undistributed apparent interest in the

estate, and that the balance of the estate should be distributed to petitioner and respondent in equal shares.

The gift to said five legatees *nominatim* clearly vested in them upon the testatrix' death. (1 Butler, New York Surrogate Law and Practice, §§ 224, 225, and see *Matter of Wittner,* 193 Misc. 105.) The question is whether or not under the last sentence of the quoted paragraph the legacies, or any of them, have been divested in favor of the survivors.

Under the principle that the intention of the testatrix is controlling, a limitation or condition upon a legacy is to be upheld unless it be void because illegal or contrary to public policy. (3 Butler, New York Surrogate Law and Practice, § 2033 *et seq.*) The gift over in the event that a legatee die before coming into possession of the bequest is not a violation of any public policy or of the statutes against the suspension of absolute ownership of property. (*Matter of Adler,* 193 Misc. 19, 22 *et seq.*) To avoid the danger under such provision of the executor intentionally delaying distribution in order to favor some beneficiary or beneficiaries over others, the courts have construed the provision as meaning the first to occur of the time of actual distribution or the expiration of the minimum statutory period for administering an estate, which prior to September 1, 1930, was one year and since then is seven months. (*Matter of Werner,* 142 Misc. 702; *Matter of Denton,* 46 N. Y. S. 2d 145, and authorities cited therein.) Applying this construction, the undistributed portion of the legacy to Florence Brenner became divested upon her death on August 4, 1927, in favor of the four survivors, whose interests became indefeasibly vested in them on May 2, 1928, one year after the probate of testatrix' will. Distribution should be made accordingly.

The special guardian has also objected to petitioner's failure to pay certain taxes on said real estate promptly so as to avoid interest and penalties. The account and record show that at least $150 of such interest and penalties could have been avoided had the executrix been alert in the performance of her duties, because she had funds available for making the necessary payments on time. In her account petitioner requests commissions in the sum of $651.47, including commissions for collecting rents. The account shows, however, that she has already taken $150 on account of commissions and that $97 was paid by her to real estate agents for collecting rents. These two amounts must be deducted from the claimed commissions, reducing to the sum of $404.47 the commissions to which the executrix is entitled.

Because of the failure of the executrix to make timely payments of taxes, which resulted in the interest and penalty charges to the estate in excess of $150, the executrix is surcharged in the sum of $150, which amount shall be deducted from the commissions to which she would otherwise be entitled, thus reducing the net amount of commissions payable to the executrix to the sum of $254.47.

The other objections made by the special guardian are dismissed for the reasons heretofore stated to the attorneys appearing.

Submit decree accordingly.