In the Matter of the Construction of the Will of JAMES A. FORSCH, Deceased. ESTHER KIRSCHNER, as Ancillary Executrix of DAVID M. KIRSCHNER, Deceased, Appellant-Respondent; MILTON M. SIEGEL et al., as Executors of JAMES A. FORSCH, Deceased, Respondents-Appellants, and NEW YORK UNIVERSITY, Respondent.

Decree affirmed, with costs.

CALLAHAN, J. (dissenting). The law favors the early vesting of estates. Where a testator has fixed no time for payment of legacies, the law provides for distribution at the end of seven months after issuance of letters testamentary in the ordinary situation (Surrogate's Ct. Act, § 218). Concededly, the legatee in this case survived such period.

The question for decision is whether the testator fixed a time for distribution not survived by the legatee. No one disputes the right of a testator to prescribe such time and condition the vesting of a legacy on the legatee's survival. In the present case, however, the will of the testator has not fixed a time for distribution so as to condition the right of the legatee on survival. At best, the executors are only given a discretion as to time and manner of distribution.

While it is true that distribution of the estate might extend beyond the statutory period of seven months by virtue of the discretion and authority vested in the executors to continue the decedent's business, this does not mean that a time for distribution was fixed by the testator in his will. In the exercise of their discretion the executors might decide to continue the business indefinitely, and so postpone payment of the stock legacy indefinitely. It is clear that distribution will be made in every estate sooner or later. In fact, the executors in this case have already distributed the decedent's estate, except for the Kirschner legacy. Of course, their discretion in the matter of distribution had to be exercised at some time, and distribution, therefore was certain at some time. However, the mere fact that an event is bound to occur does not mean that the time of occurrence is specified or fixed, so long as it remains indefinite and unknown.

The Surrogate, in effect, has held that the decedent herein has fixed the time for distribution of his estate, though he has clearly invested his executors with discretion in the matter. In my opinion, the testator has left it to his executors to fix such time according to their own judgment. As far as the testator is concerned, therefore, the time for distribution has been left open rather than fixed under the provisions of his will.

In this respect the case differs from those situations where a testator has directed that distribution be delayed until a specified time or event not dependent upon the whim, caprice, discretion or judgment of another. In a situation of the kind presented by this case the courts seek to avoid the danger of executors intentionally delaying distribution so as to favor one beneficiary over another, and have construed similar testamentary provisions to mean the first to occur as between the time of actual distribution or the expiration of the minimum statutory period for administering an estate. (See *Matter of Chatfield*, 194 Misc. 197.) Accordingly, since the instant will fixes no time for distribution of the stock legacy, this must be determined by the statutory period of seven months applicable in the case of a normal administration. The legatee Kirschner having survived beyond this period, his estate is now entitled to the Acme stock, and the gift over in favor of New York University does not take effect.

The decree appealed from should be modified accordingly, and, as so modified, affirmed, with costs to all parties filing briefs payable out of the estate.

Cohn, J. P., Breitel, Bastow and Botein, JJ., concur in decision; Callahan, J., dissents and votes to modify in opinion.

Decree affirmed, with costs. No opinion.