George Frankenthaler, S.
The sixth article of the testator’s will, executed on May 27,1950, bequeaths his residuary estate in equal shares to his two brothers. The seventh article of the will provides as follows: “ SEVENTH: If after reasonable search by my Executor hereinafter named, the whereabouts or existence of my brother, FRANCESCO MALERBA, a World War II displaced person, cannot be determined or ascertained, I direct that the share of my residuary estate which my brother, FRANCESCO MALERBA, would receive under the provisions of paragraph “ SIXTH” of this my Last Will and Testament, be given, devised and bequeathed unto my nephew, ALDO LEPRONI and my niece MARIA LEPRONI, share and share alike. As to what shall be reasonable search as to the whereabouts or existence of my brother, FRANCESCO MALERBA, my Executor hereinafter named, shall be the sole judge.”
The accounting executor has searched for the legatee and has been able to learn only that the legatee was taken prisoner by Russian forces at the time they invaded Germany during World War II.
If the testator’s brother was living at the date of the testator’s death, the residuary legacy vested in the brother subject to divestment in the event his whereabouts could not be ascertained by the executor after reasonable search (Matter of Sykes, 53 N. Y. S. 2d 442, 455; Matter of Winkler, 73 N. Y. S. 2d 417; Matter of Britz, 144 Misc. 45; Matter of Stymus, 64 N. Y. S. 2d 304). If the brother was not living at the testator’s death the residuary bequest vested in the nephew and niece named in *792 the will (Matter of Sykes, supra). If, as here, it was not ascertainable whether the legacy immediately vested in the brother or the alternative legatees, the condition stated in the will requires that, after reasonable but unavailing search, it be concluded that the legacy is vested in the alternative legatees. The will provisions do not create an unlawful suspension of the absolute ownership of property (Matter of Adler, 193 Misc. 19; Matter of Herrmann, 193 Misc. 466, 470-471; Matter of Chatfield, 194 Misc. 197; Matter of Denton, 46 N. Y. S. 2d 145). The executor at this time may properly pay the residuary legacy to the testator’s nephew and niece inasmuch as the withholding of payment for any further period would constitute an abuse of the discretion granted to the executor.
The objections to the executor’s account are disposed of as follows: Objection 1 to the payments for the opening and keeping of estate books is sustained (Matter of Ducas, 109 N. Y. S. 2d 17); objection 2 is sustained to the extent that the claim of the firm of accountants is allowed in the amount of $3,500 over and above the amounts reported in the account as heretofore paid to the firm; objection 3 is sustained to the extent that the attorneys’ fees are allowed in the amount of $5,500 of which $4,000 has heretofore been paid; objection 4is dismissed; certain of the items contained in objection 5 are said to have been met by recomputation of commissions and rulings thereon will be reserved to the time of the settlement of the decree herein; commissions on the unsold real property will not be allowed (Matter of Salomon, 252 N. Y. 381); objection 6 is marked withdrawn; objection 7 is dismissed.
Submit decree on one day’s notice construing the will and settling the account accordingly.