S. Samuel Di Falco, S.
In this accounting proceeding the executor has asked the court for a construction of decedent’s will. None of the parties have taken a position on the issue that has been raised.
Under article sixth of the will the residuary estate was bequeathed as follows: "All the remainder of my estate, any bequests which lapse and all property of which I can dispose I bequeath in equal shares per capita to my said brothers *185 george, william and Alexander, my sister Josephine, nieces ROSEMARY, BARBARA ANN and KATHLEEN, and nephew JAMES and the survivors of them living at the time the same becomes payable, and if none to the said St. Michael’s Catholic Congregation for the purposes of the memorials described above.”
All the residuary legatees survived the decedent who died on August 28, 1973. Since then a brother and a sister of the decedent have died. At the time of their deaths the administration of the estate had been substantially completed, but the executor’s final accounting had not been filed due to a delay in the estate tax proceeding.
The issue before the court is whether the legacies of the two deceased siblings of the testator are payable to their respective estates or whether the words "living at the time same becomes payable” require that the legacies be paid instead to the remaining residuary legatees.
The executor is under a duty to collect assets of the testator and to pay debts, claims, and expenses before making distribution. This obligation is imposed by law and not by any explicit direction of the testator. The direction to withhold payment of legacies for a period of seven months from the issuance of letters testamentary is mandated by statute (EPTL 11-1.5).
In Matter of Herrmann (193 Misc 466), one of two residuary legatees died five months after the testator. In its decision, the court held that with respect to personal property the condition annexed to the gift was that the legatee should survive until payment of the legacy could be made and that upon her death prior to distribution her interest was divested and became payable to her children in accordance with decedent’s will. (March v March, 186 NY 99; Matter of Merrill, 208 App Div 649, affd 239 NY 517.)
Unlike Matter of Herrmann (supra), preliminary letters testamentary issued to Rose Augustine’s executor on October 15, 1973 and it was not until more than a year had passed before the testator’s brother, William, died. Ten months after that, decedent’s sister Josephine died.
A will indicating that a gift is defeasible only if a legatee fails to survive seven months from the time of the appointment of an executor is a valid limitation and does not violate the rule against perpetuities. (Matter of Grieve, 186 Misc 601.)
However, as I stated in Matter of Palermo (NYLJ, Oct. 21, 1965, p 18, col 4): "It would violate public policy to permit an *186 executor to exercise any power to determine by his acts who shall receive the legacy and who shall not.”
It would be unreasonable to require a legatee to survive some indefinite time determined solely by the acts of the executor in order for his legacy to become vested.
The deceased brother and sister herein survived far beyond the statutory time for distribution and the court deems their survival for such period to be sufficient time for the vesting of their legacies.