**Lottie A. MAPPES, Individually, and Ernest E. Mappes, Executor of William G. Mappes, Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 9417.**

United States District Court
W. D. Oklahoma.

May 18, 1962.

Tom W. Garrett, Garrett & Garrett, Oklahoma City, Okl., for plaintiffs.

Leonard L. Ralston, Asst. U. S. Atty., Western Dist. of Oklahoma, Oklahoma City, Okl., for defendant.

RIZLEY, District Judge.

This case is before the Court on an agreed stipulation of facts. The plaintiff, Lottie A. Mappes, individually, and Ernest E. Mappes, executor of the estate of William G. Mappes, deceased, are suing to recover money paid to the Department of Internal Revenue under protest.

Essentially the facts are that the decedent died on or about August 20, 1959, leaving as his sole and surviving heirs his widow, Lottie A. Mappes, and his sons, Ernest E. Mappes and Vernon G. Mappes. He died testate and his will was admitted to probate in the County Court of Oklahoma County on or about September 8, 1959. All of the property owned by the deceased was distributed to his widow, by virtue of the terms of his will, by the County Court of Oklahoma County on March 29, 1960.

The administrator of the estate filed a tax return deducting therefrom fifty per cent (50%) of the value of the property as a marital deduction. The Director of Internal Revenue, on May 9, 1961, disallowed the marital deduction

under Section 2056 of the 1954 Internal Revenue Code and made certain other adjustments to the gross estate, which we are not concerned with in this law suit. The disallowance and the adjustments resulted in an additional assessment of $3,215.53 together with interest of $102.28, or a total of $3,317.81. This additional assessment, as required by law, was paid by Lottie A. Mappes and a claim for refund was duly made. The refund was disallowed on August 25, 1961, and subsequently this action was filed to recover the amount paid under protest.

The Court finds that it has jurisdiction to hear and determine the issues in this case. The sole question to be decided by the Court is whether the plaintiff is entitled to the marital deduction. Under pertinent Oklahoma law, of course, the property involved passed under the will. The pertinent provisions of the will, we think, are contained in Paragraph II and Paragraph III.

Paragraph II says and I quote: "I give, devise and bequeath to my wife, Lottie Mappes, if living at the time of my death, all of the remainder of my property, real, personal and mixed, wherever it may be situated."

The only modification of this outright devise, if any, is found in Paragraph III, which says: "In the event that my wife should predecease me, or should die before my estate has been administered, then in that event I give, devise and bequeath to my sons, Ernest E. Mappes and Vernon G. Mappes, share and share alike, all the remainder of my property, real, personal and mixed, wheresoever situated. If either of said sons should predecease me, then the interest that would go to said son shall pass to his children, if surviving, otherwise to the surviving son."

It has been called to our attention by the parties to this action, through their briefs, that when the will was probated in Oklahoma all the property, as provided in the will, passed to and became the property of the plaintiff, Lottie A. Mappes, who was not only living at the time the decedent died but continued to live through the probate proceedings. The final decree of the Probate Court of Oklahoma County says:

"And under the terms of his will, all the above described property, as well as any other property belonging to William G. Mappes at the time of his death, should be distributed to his wife, Lottie Mappes."

We believe the sole question before the court on the stipulated set of facts is whether or not, under local (Oklahoma) law, the interest which passed to Lottie Mappes was a contingent interest, or a vested interest subject to complete defeasance and thus terminable under Section 2056 of the Internal Revenue Code, or whether the interest passing to the plaintiff vested at the decedent's death, and not terminable, so that it would comply with the provisions necessary for the marital deduction.

The so-called "Marital Deduction" here under discussion was enacted by the Congress in recent years to alleviate a tax discrepancy which arose because of differences in the property laws of the various states. The community property law states provide, in substance, that all property acquired during coverture belongs to the husband and wife jointly and that each is entitled to one-half upon the death of the other. Under the estate tax law this means that only one-half of the property owned by the two would pass from the deceased spouse to the survivor, and it necessarily follows that only one-half could be taxed. In the common law states the property was ordinarily and normally in the husband's name and all could be taxed when he died.

Section 2056 of the Internal Revenue Code now allows the husband to pass half of his property to his wife without incurring an estate tax. The Revenue Service is, of course, concerned to see that the half is actually passed to the wife, if the taxpayer is to gain from the concession. As a result, there are certain rigid qualifications which must be met before the marital deduction will be al-

lowed. The interest passing must not be a terminable interest.

It is the contention of the Government that the interest created under the will is a vested interest subject to complete defeasance because of the requirement that the wife survive the administration of the estate. The Government says that this makes the interest a "terminable interest", and that as a result the property does not qualify for the marital deduction. The plaintiff says that the interest that passed under the will and in accordance with the testator's intent was indefeasibly vested and passed in fee simple at the time of the testator's death.

■ This Court, under the authority of Kasper v. Keller, 8 Cir., 217 F.2d 744, will apply the local law to the facts of the case and the will involved, and determine what interest passed by the will. There are numerous cases which, with fact situations similar to this, have held that where there is a determination by the probate court setting forth the rights under the will, and construing same, that the decree of the state court is the controlling state law. In a Montana case decided in 1956, Steele v. United States, D.C., 146 F.Supp. 316, that court said:

"There seems to be no doubt that Blanche L. Steele is entitled to the 'Marital Deduction' if the gift to her was unconditional and the decree of the state court so holds. All things considered—both law and facts, in the opinion of the court the plaintiffs are entitled to prevail in this action, and such is the decision of this court."

In that opinion the court cited and relied on a Tenth Circuit case, Brodrick v. Gore, 224 F.2d 892. In that case the plaintiff was attempting to get a tax refund for payment made under protest. The probate court had administered the estate under an agreement between the deceased father and his sons as to the evaluation of some of the stock involved therein. The Internal Revenue Service said that the stock was not properly or realistically valued and that the estate was worth more than the probate evaluation, so they taxed accordingly. In the district court the taxpayer was granted summary judgment and the Government appealed. The Tenth Circuit Court, Judge Bratton speaking, said and I quote:

"Viewed in the light of that firmly established general rule, it is clear that the probate court was clothed with jurisdiction to determine and adjudicate the existence of the partnership agreement, to determine and adjudicate the effectiveness of the provision in the contract binding and obligating the executors to convey to the surviving copartners the interest of the decedent in the assets and property of the partnership for a sum equal to the book value thereof, to determine and adjudicate the book value of such interest, and to order the executors to convey it upon payment of the book value. With jurisdiction of the subject matter and the parties, the probate court entered its order and judgment. No appeal having been taken therefrom, the adjudication became final and conclusive as between the parties in the settlement of their legal rights, particularly in respect to the interest of the estate in the partnership property being burdened or encumbered with such obligation respecting its sale."

■ We think it is clear that what Judge Bratton was saying, and certainly we agree that where the probate court has ruled on the specific question and no appeal has been taken therefrom, this adjudication should be controlling. See also Law of Federal Income Tax, Vol. 10, Chapter 61, Page 4.

■ The probate court in this case specifically ruled as to the rights of the plaintiff, giving her the property in fee simple. The decree states: "The above described property, together with any other property owned by William G. Mappes, deceased, at the time of his death, will be and is hereby distributed to his wife, Lottie Mappes, as above set

forth." The decree ordered that she receive all of the property owned by the deceased at the time of his death and set forth no restrictions as to ownership. We hold that in light of the existing facts and law, the property passed to the plaintiff in accordance with the judgment of the Probate Court of Oklahoma County.

Accordingly, we find and so hold that the interest passed by the will in question was not a terminable interest, and the plaintiff is entitled to the marital deduction under the Internal Revenue Code, and therefore, the plaintiff is entitled to recover, under the stipulated facts in this case, the amount paid the Internal Revenue Service, together with interest.

The plaintiff will prepare, in accordance with this Memorandum, findings of fact and conclusions of law and a judgment in conformity thereto within five (5) days from this date and submit the same to counsel for the defendant for approval as to form and to this Court for signature.